1
2
3
4
5
6
7
8                     IN THE UNITED STATES DISTRICT COURT
9                      FOR THE DISTRICT OF ARIZONA
10
11   James Bryan Gordon,              )
12            Petitioner,             )        CV-07-02279-PHX-ROS (JCG)
                                      )
13   vs.                             )        **REPORT & RECOMMENDATION**
                                      )
14                                    )
15   Dora Schriro, et al.,            )
                                      )
16            Respondents.            )
     _____)
17

18        Petitioner, James Bryan Gordon, who is presently confined in the South Unit of the
19   Arizona State Prison Complex in Florence, Arizona, has filed a Petition for Writ of Habeas
20   Corpus pursuant to 28 U.S.C. § 2254. Before the Court are the Petition for Writ of Habeas
21   Corpus ("Petition") (Doc. No. 1), Respondents' Answer to Petition for Writ of Habeas
22   Corpus ("Answer") (Doc. No. 12) and Petitioner's Reply.[1] (Doc. No. 26.)  Pursuant to the
23   Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for
24   Report and Recommendation.  The Magistrate Judge recommends that the District Court
25   deny the Petition.
26
     _____
27        [1] To the extent Petitioner requests an evidentiary hearing in his Reply, the Court finds
28   that an evidentiary hearing is not warranted pursuant to Rule 8, Rules Governing Section 2254
     Cases in the United States District Courts.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner was indicted on multiple counts of sexual abuse and child molestation stemming from Petitioner's conduct with three underage victims. (Answer, Ex. B.)  On November 10, 1998, Petitioner was sentenced to presumptive and consecutive prison terms totaling 264.5 years.   Because Petitioner had fled Maricopa County during pre-trial proceedings, he was also convicted on charges of failing to appear, and sentenced to 1.5 years' imprisonment.  (Answer, Exs. UU-VV.)

Petitioner filed an appeal with the Arizona Court of Appeals in which he presented seven claims for relief:

Appeal Claim 1: The jury panel was tainted in violation of Petitioner's 6th and 14th Amendment right to a fair trial;

Appeal Claim 2: The trial court excluded character evidence in violation of Petitioner's federal and state constitutional right to confront witnesses and prepare a defense;

Appeal Claim 3: The trial court wrongly excluded evidence of punishment to justify Petitioner's flight in violation of Petitioner's federal and state constitutional right to proffer a defense;

Appeal Claim 4: The trial court wrongly permitted the State to vouch for its witnesses in violation of federal and state law;

Appeal Claim 5: The trial court wrongly admitted irrelevant, prejudicial photographs of the victims and Petitioner in violation of state law;

Appeal Claim 6: Petitioner's federal and state due process rights were violated because there was insufficient evidence to support counts 9 and 13 of the indictment; and

Appeal Claim 7: The trial court violated state law by designating counts 2-9, 14, 15, 17 and 18 of the indictment as "dangerous" and in sentencing on counts 9 and 17. (Answer, Ex. WW.)

The Court of Appeals affirmed Petitioner's conviction and sentence on January 11, 2000.  (Petition, Ex. Part I at 3.)  Petitioner petitioned for review of that decision by the Arizona Supreme Court; the Supreme Court denied review on December 12, 2000. (Petition, Ex. Part I at 22.)

Petitioner instituted his first post-conviction relief proceedings pursuant to Rule 32, Ariz. R. Crim. P. on December 20, 2000, when he filed a Notice of Post-Conviction Relief.

(Answer, Ex. YY.)  The trial court later granted Petitioner permission to file a revised post-conviction petition on April 22, 2005 ("Rule 32 Petition").  (Petition, Ex. Part I at 23.)  The Rule 32 Petition presented twelve claims:

Rule 32 Claim 1: Petitioner's federal and state due process rights were violated because he was prosecuted for acts that occurred outside the statute of limitations;

Rule 32 Claim 2: The prosecutor's amendments to the Grand Jury indictment violated Petitioner's 5th, 6th and 14th Amendment rights;

Rule 32 Claim 3: Petitioner's federal due process rights were violated when the trial court admitted Petitioner's private telephone conversations into evidence;

Rule 32 Claim 4: Petitioner's due process rights were violated when the court instructed the jury that it could consider evidence of other sexual offenses to the extent such offenses showed Petitioner's propensity for sexual misconduct;

Rule 32 Claim 5: Petitioner's speedy trial rights were violated in his failure to appear case (CR 98-90662);

Rule 32 Claim 6: The prosecutor engaged in prosecutorial misconduct when she (a) amended the grand jury indictment twice, (b) told jurors that Petitioner had been featured on America's Most Wanted, (c) showed the jury a black suitcase with yellow FBI tape around it but did not admit the suitcase into evidence, (d) told the jury that Petitioner posted and forfeited a $20,000 bond, (e) misstated facts to the jury regarding Petitioner's purchase of a Blazer SUV, (f) belatedly disclosed a State witness's criminal background, (g) admitted Petitioner's private telephone conversations into evidence and (h) misrepresented dates relevant to Petitioner's speedy trial deadline in his failure to appear case;

Rule 32 Claim 7: Petitioner's due process rights were violated because the jury panel did not represent a fair cross section of the community;

Rule 32 Claim 8: Petitioner's 6th Amendment rights were violated because juror Jane Hancock should have been stricken by the court for cause;

Rule 32 Claim 9: The trial court violated state law by failing to sever the trial;

Rule 32 Claim 10: Trial counsel was ineffective for failing to move to sever the trial;

Rule 32 Claim 11: Petitioner's due process rights were violated because the trial court relied on incorrect dates at sentencing; and

Rule 32 Claim 12: Petitioner's trial and appellate counsel were ineffective when (a) appellate counsel failed to raise on appeal each of the issued presented in Petitioner's Rule 32 Petition, (b) trial counsel failed to move for a continuance after the indictment was amended during trial, (c) trial counsel failed to move to suppress admission of Petitioner's private telephone conversations, (d) trial counsel failed to object to the "propensity" instruction given to the jury, (e) trial counsel miscalculated the speedy trial deadline in Petitioner's failure to appear case, (f) trial counsel failed to notice that "gender was not fairly represented," (g) trial counsel failed to file a motion to sever, and (h) trial counsel failed to argue the correct offense dates at sentencing. (Answer, Ex. ZZ.)

The trial court denied the Rule 32 Petition on October 25, 2005. (Petitioner, Ex. Part I at 25.)   The trial court considered claims 1, 10 and 12 on the merits, but concluded that claims 2-9 and 11 were precluded by virtue of Rule 32.2(a)(3), Ariz. R. Crim. P., which precludes from post-conviction relief claims that could have been raised on appeal.

Petitioner filed a petition for review of the trial court's decision in the Arizona Court of Appeals, arguing that the trial court abused its discretion. Petitioner presented the same twelve claims to the Court of Appeals that he presented to the trial court in his Rule 32 Petition. (Answer, Ex. CC.) On October 6, 2006,  the Court of Appeals summarily denied review. (Petition, Ex. Part I at 29.)  Petitioner petitioned for review by the Arizona Supreme Court (Answer, Ex. DD); the Supreme Court denied review on January 30, 2007. (Petition, Ex. Part I at 31.)

On November 21, 2007, Petitioner filed his Petition for Writ of Habeas Corpus in federal court.  (Doc. No. 1.)  Petitioner's Petition presents sixteen claims for relief:

**Ground 1:** Petitioner's 6th Amendment right to a jury trial was violated when 21 members of the jury panel stated that they were victims of abuse and knew someone who was a victim of abuse and the trial court denied defense counsel's motion to strike the entire jury panel on the grounds that it could not fairly hear the case;

**Ground 2:** Petitioner's 6th Amendment right to compel witnesses to attend was violated when the trial court ruled that Petitioner's reputation for truthfulness was not at issue and therefore Petitioner could not call witnesses prepared to testify to Petitioner's good character and truthfulness;

**Ground 3:** Petitioner's 6th and 14th Amendment rights were violated when the trial court allowed the jury to receive an instruction related to Petitioner's flight from the state;

**Ground 4:** Petitioner's 6th and 14th Amendment rights were violated when (a) the prosecutor, in her opening statements, told jurors that Petitioner was arrested out-of-state after being featured on "America's Most Wanted," and (b) members of the jury were overheard discussing local radio coverage of Petitioner's trial;

**Ground 5:** Petitioner's due process rights were violated when the trial court admitted into evidence (a) a photo of the victims, and (b) police photographs depicting Petitioner's abundance of body hair and a small abnormality on Petitioner's genitals;

**Ground 6:** Petitioner's due process rights were violated because Counts 9 and 13 of Petitioner's indictment did not set forth specific evidence to support a conviction;

**Ground 7:** Petitioner's due process rights were violated when (a) the trial court sentenced Petitioner as a dangerous offender on counts 2-9, 14, 15, 17 and 18 of the indictment, when those counts were alleged as non-dangerous felonies;

- 4 -

**Ground 8:** Petitioner's federal and state due process rights were violated when he was charged and convicted for crimes allegedly committed more than seven years before the indictment;

**Ground 9:** Petitioner's federal and state due process rights were violated when the indictment was amended twice, once before the jury, over Petitioner's objection;

**Ground 10:** Petitioner's 4th, 5th and 14th Amendment rights were violated when the trial court admitted Petitioner's private telephone conversations into evidence;

**Ground 11:** Petitioner's due process rights were violated when the court instructed the jury that it could consider evidence of other sexual offenses to the extent such offenses showed Petitioner's propensity for sexual misconduct;

**Ground 12:** (a) Petitioner's right to a speedy trial was violated with respect to his failure to appear (CR 98-90662), and (b) Petitioner's guilty plea in CR 98-90662 was not entered into knowingly, intelligently, and voluntarily because he was unaware that his speedy trial deadline had expired;

**Ground 13:** Petitioner's 5th, 6th, 8th and 14th Amendment rights were violated when the prosecutor engaged in prosecutorial misconduct by (a) amending the grand jury indictment twice, (b) telling jurors that Petitioner had been featured on America's Most Wanted, (c) showing the jury a black suitcase with yellow FBI tape around it but not admitting the suitcase into evidence, (d) telling the jury that Petitioner posted and forfeited a $20,000 bond, (e) misstating facts to the jury regarding Petitioner's purchase of a Blazer SUV, (f) belatedly disclosing a State witness's criminal background, (g) admitting Petitioner's private telephone conversations into evidence, (h) misrepresenting dates relevant to Petitioner's speedy trial deadline in his failure to appear case, and (i) engaging in all of the above misconduct, which amounted to cumulative error.

**Ground 14:** Petitioner's 5th, 6th and 14th Amendment rights were violated when (a) the jury panel selected did not represent a fair cross section of the community, (b) the trial court failed to strike jury member Jane Hancock for cause, (c) the trial court failed to sever the trial, (d) trial counsel failed to move for severance, and (e) the trial court erred in sentencing by not applying the correct dates on which the crimes were committed;

**Ground 15:** (a) Petitioner's 6th Amendment right to effective assistance of counsel was violated because appellate counsel failed to raise on appeal each of the issues presented in Petitioner's Rule 32 Petition; (b) trial counsel admitted to ineffectiveness after the indictment was amended during trial; (c) the trial court failed to conduct an evidentiary hearing regarding the claims of ineffective assistance of counsel raised in Petitioner's Rule 32 Petition;

**Ground 16:** Petitioner's federal due process rights were violated by the preclusion of certain claims by the state court on collateral review.

## DISCUSSION

The Magistrate Judge recommends that the Petition be denied. First, Ground 16 does not present a cognizable claim. Second, Grounds 4(a), 9-11, 12(a), 13, 14(a), 14(b) and 14(e)

1   are procedurally barred on an independent state law ground.  Third, Grounds 5, 7 and 14(c)

2   were not fairly presented as federal claims in the state court.  Fourth, Grounds 3, 4(b), 12(b),

3   15(b) and 15(c) were not presented in state court.  Finally, Grounds 1, 2, 6, 8, 14(d) and 15(a)

4   are without merit.

5   **A.    Ground 16 states a non-cognizable claim**.

6           In Ground 16, Petitioner challenges the manner in which the state court reviewed his

7   conviction pursuant to Rule 32, Ariz. R. Crim. P.  Petitioner's claim, although framed as a

8   due process violation, essentially argues that the trial court, during post-conviction relief

9   proceedings, should have held an evidentiary hearing to determine whether Petitioner wished

10  to waive the claims presented in his revised petition but not previously argued on direct

11  review.

12          The Ninth Circuit has clarified that procedural errors arising during post-conviction

13  relief proceedings are not cognizable in habeas corpus proceedings under 28 U.S.C. § 2254

14  because they do not challenge a petitioner's detention.  *Franzen v. Brinkman*, 877 F.2d 26,

15  26 (9th Cir. 1989) (*per curiam*); *see also Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998);

16  *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997). Because Ground 16 challenges

17  Petitioner's post-conviction relief proceedings, it fails to state a cognizable claim and should

18  be dismissed.

19  **B.    Exhaustion**

20          **i.    Legal Standard**

21          Ordinarily, before a federal court will consider the merits of a habeas petition, the

22  petitioner must exhaust the remedies available to him in state court.   28 U.S.C.

23  §2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  First enunciated in *Ex parte*

24  *Royall*, 117 U.S. 241 (1886), the exhaustion requirement is designed "not to create a

25  procedural hurdle on the path to federal habeas court, but to channel claims into an

26  appropriate forum, where meritorious claims may be vindicated and unfounded litigation

27  obviated before resort to federal court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

28  The requirement is grounded in principles of comity, and reflects a desire to protect state

courts' role in the enforcement of federal law. *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (citation omitted). The requirement is also based on a pragmatic consideration that fully exhausted claims will usually be accompanied by a complete factual record once they reach federal court. *Rose v. Lundy*, 455 U.S. 509, 519 (1982).

A petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. *See Rose*, 455 U.S. at 519. A petitioner must have also presented his claim in a procedural context in which its merits will be considered. *See Castille*, 489 U.S. at 351. A habeas petitioner's claims may be precluded from federal review on exhaustion grounds in either of two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Second, the claim may be procedurally defaulted in federal court if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1. If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

### ii.   Grounds 4(a), 9-11, 12(a), 13, 14(a), 14(b) and 14(e) are procedurally barred on an independent state law ground.

Petitioner presented grounds 4(a), 9-11, 12(a), 13, 14(a), 14(b) and 14(e) in his Rule 32 Petition, but the trial court denied relief pursuant to Rule 32.2(a)(3), Ariz. R. Crim. P., which precludes from post-conviction relief claims that could have been raised on appeal. Rule 32.2(a)(3) is an independent state law ground, s*ee Stewart v. Smith*, 536 U.S. 856, 860 (2002) (per curiam), and the Ninth Circuit has repeatedly determined that Arizona regularly

and consistently applies its preclusion rules such that they are an adequate bar to federal review of a claim. *See Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998) (finding Rule 32.2(a)(3) regularly followed and adequate); *Poland v. Stewart*, 117 F.3d 1094, 1106 (9th Cir. 1997) (same). Thus federal habeas review of Grounds 4(a), 9-11, 12(a), 13, 14(a), 14(b) and 14(e) is barred unless Petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice to excuse the default.

### iii.   Grounds 5, 7 and 14(c) were not fairly presented as federal claims in the state court.

Petitioner presented Grounds 5, 7 and 14(c) on direct review. However, Petitioner failed to argue these grounds based on federal law. Ground 5 alleges that Petitioner's due process rights were violated when the trial court admitted into evidence (a) a photo of the victims and (b) police photographs depicting Petitioner's abundance of body hair and a small abnormality on Petitioner's genitals. On direct review, Petitioner argued to the Court of Appeals that the photographs were prejudicial and irrelevant in violation of Rule 401, Ariz. R. Evid.

Ground 7 alleges Petitioner's due process rights were violated when the trial court sentenced Petitioner as a dangerous offender on counts 2-9, 14, 15, 17 and 18 of the indictment, when those counts were alleged as non-dangerous felonies. In the Court of Appeals, Petitioner argued that the trial court erred in classifying him as a dangerous offender because the victim was 15 years old, making the offense a non-dangerous felony according to A.R.S. § 13-701-13-702.02.

Ground 14(c) alleges that Petitioner's 5th, 6th and 14th Amendment rights were violated when the trial court failed to sever the trial. In his Rule 32 Petition, Petitioner argued that the trial court violated Rule 13.4(a), Ariz. R. Crim. P. and Arizona case law by failing to sever his trial on its own initiative.

To properly exhaust state remedies, the petitioner must "fairly present" his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A claim is "fairly presented" if the petitioner has described the

operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971). Resolving whether a petitioner has fairly presented his claim to the state court is an intrinsically federal issue to be determined by the federal court. *Wyldes v. Hundley*, 69 F.3d 247, 251 (8th Cir. 1995); *Harris v. Champion*, 15 F.3d 1538, 1556 (10th Cir. 1994). Commenting on the importance of fair presentation, the United States Supreme Court has stated:

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

*Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). Following *Duncan*, the Ninth Circuit has held that a state prisoner has not "fairly presented" (and thus has not exhausted) federal claims in state court unless he specifically indicated to that court that the claims were based on federal law. *See, e.g., Lyons v. Crawford*, 232 F.3d 666, 669-70 (2000), *as amended by* 247 F.3d 904 (9th Cir. 2001) (general reference to insufficiency of evidence, right to be tried by impartial jury and ineffective assistance of counsel lacked specificity and explicitness required to present federal claim); *Shumway v. Payne*, 223 F.3d 982, 987-88 (9th Cir. 2000) (broad reference to "due process" insufficient to present federal claim); *see also Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("The mere similarity between a claim of state and federal error is insufficient to establish exhaustion.").

In state court, Petitioner alleged facts which form the bases of Grounds 5, 7 and 14(c), but presented those allegations in support of claims arising under state law. (Answer, Ex. WW.) Petitioner failed to make any reference to the United States Constitution, a federal statute or a federal case. The state court was not alerted to a federal claim. Because Grounds 5, 7 and 14(c) were not fairly presented in state court, they remain unexhausted absent a showing of cause and prejudice or a fundamental miscarriage of justice.

### iii.    Grounds 3, 4(b), 12(b), 15(b) and 15(c) were not presented in state court.

Petitioner failed to present Ground 3, 4(b), 12(b), 15(b) or 15(c) in either his direct appeal or his Rule 32 Petition.  Consequently, Petitioner has not fairly presented Ground 3, 4(b), 12(b), 15(b) or 15(c) and cannot raise those claims for the first time in federal court. *See Rose*, 455 U.S. at 519 (stating that a petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254).   Petitioner is now precluded by Arizona Rules of Criminal Procedure 32.2(a)(3) and 32.4 from obtaining relief on Ground 3, 4(b), 12(b), 15(b) or 15(c) in state court absent an applicable exception, which Petitioner does not assert.  *See* Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h).    Thus, Ground 3, 4(b), 12(b), 15(b) and 15(c) are technically exhausted but procedurally defaulted, absent a showing of cause and prejudice or a fundamental miscarriage of justice.

### iv.    Petitioner has not demonstrated cause and prejudice or made a colorable showing of actual innocence.

A federal court may only grant review of a procedurally defaulted claim if petitioner makes a showing of cause and prejudice,  *Netherland*, 518 U.S. at 162, or a colorable showing of actual innocence amounting to a "fundamental miscarriage of justice." *Sawyer v. Whitley*, 505 U.S. 333, 336 (1992). To establish cause for a procedural default, a petitioner must show an external impediment which rendered Petitioner unable to comply with the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, the petitioner bears the burden of demonstrating that the error worked to his substantial disadvantage, infecting the entire trial with constitutional error. *Carrier*, 477 U.S. at 488. If petitioner cannot meet one of the requirements, it is unnecessary for federal courts to address the other requirement. *United States v. Frady*, 456 U.S. 152, 168 (1982).  Petitioner may also be granted federal review if he can demonstrate a fundamental miscarriage of justice.  A fundamental miscarriage of justice results when the petitioner can demonstrate that a

constitutional error caused the conviction of one who is actually innocent. *Carrier*, 477 U.S. at 496.

Petitioner does not present an "actual innocence" argument. Petitioner attempts to demonstrate cause and prejudice for his default by arguing that his appellate counsel failed to present necessary claims in his direct appeal. For reasons elucidated in section (C)(vii) below, Petitioner's appellate counsel was not ineffective. Therefore, Petitioner has failed to demonstrate cause and prejudice.

Accordingly, Grounds 3, 4(a), 4(b), 5, 7, 9-11, 12(a), 12(b), 13, 14(a), 14(b), 14(c), 14(e), 15(b) and 15(c) were not properly exhausted and the Court need not consider the merits of those claims.

**v.    Exhausted claims**

Petitioner properly exhausted Grounds 1, 2 and 6 by fairly presenting them in his direct appeal. Petitioner properly exhausted Grounds 8, 14(d) and 15(a) by fairly presenting them in his Rule 32 Petition and in his petition for review by the Arizona Court of Appeals of the trial court's denial of his Rule 32 Petition.[2] Accordingly, the Court will consider the merits of these claims.

**C.    Merits**

    **i.    Legal Standard**

On habeas review, a state court's findings of fact are entitled to a presumption of correctness when fairly supported by the record. *Wainwright v. Witt*, 469 U.S. 412, 426 (1985). The presumption of correctness also applies to a state appellate court's findings of fact. *Sumner v. Mata*, 449 U.S. 539, 546 (1981). The question presented in a state prisoner's

---

[2] Respondents assert in their Answer that Petitioner failed to exhaust Ground 14(d) because the trial court concluded that it was precluded under Rule 32.2(A)(3), Ariz. R. Crim. P. The Court disagrees. Petitioner presented Ground 14(d) in his Rule 32 Petition as a federal ineffective assistance of counsel claim. (Answer, Ex. ZZ, pg. 21.) The trial court, in denying Petitioner's Rule 32 Petition, considered his ineffective assistance of counsel claims on the merits.

1  petition for a writ of habeas corpus is "whether the state proceedings satisfied due process."

2  *Jammal v. Van de Kamp*, 926 F.2d 918, 919-20 (9th Cir. 1991).

3      Federal courts may entertain a state prisoner's petition for habeas relief only on the

4  grounds that the prisoner's confinement violates the Constitution, laws, or treaties of the

5  United States. *Reed v. Farley*, 512 U.S. 339 (1994). General improprieties occurring in state

6  proceedings are cognizable only if they resulted in fundamental unfairness and consequently

7  violated the petitioner's Fourteenth Amendment right to due process. *Estelle v. McGuire*,

8  502 U.S. 62, 67-68 (1991)("[I]t is not the province of a federal habeas court to reexamine

9  state court determinations on state law questions."); *Bonin*, 77 F.3d at 1158. The Supreme

10  Court has held in the habeas context that "this Court will not review a question of federal law

11  decided by a state court if the decision of that court rests on a state law ground that is

12  independent of the federal question and adequate to support the judgment." *Coleman v.*

13  *Thompson,* 501 U.S. 722, 729 (1991). The provisions of the Anti-Terrorism and Effective

14  Death Penalty Act (AEDPA) govern this case and pose special burdens. *Chein v. Shumsky,*

15  373 F.3d 978, 983 (9th Cir.2004) (en banc). Under AEDPA, when reviewing a state criminal

16  conviction, a federal court may grant a writ of habeas corpus only if a state court proceeding

17  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of,

18  clearly established Federal law, as determined by the Supreme Court of the United States;

19  or (2) resulted in a decision that was based on an unreasonable determination of the facts in

20  light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

21      Under § 2254(d)(1), a state court decision is "contrary to" clearly established Supreme

22  Court precedent "if the state court applies a rule that contradicts the governing law set forth"

23  in Supreme Court cases or "if the state court confronts a set of facts that are materially

24  indistinguishable from" a Supreme Court decision but "nevertheless arrives at a result

25  different from" that precedent. *Williams v. Taylor,* 529 U.S. 362, 405-06 (2000). A state

26  court decision is an unreasonable application of clearly established federal law if "the state

27  court identifies the correct governing legal principle" from a Supreme Court decision "but

28  unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. In

1    considering whether a state court has unreasonably applied Supreme Court precedent, "a

2    federal habeas court may not issue the writ simply because that court concludes in its

3    independent judgment that the relevant state-court decision applied clearly established

4    federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."

5    *Id.* at 411; *Bell v. Cone,* 535 U.S. 685, 694 (2002).  In conducting habeas review, we

6    "presum[e] that state courts know and follow the law." *Woodford v. Visciotti,* 537 U.S. 19,

7    24 (2002).

8        **ii.    Ground 1**

9        When applying the AEDPA and reviewing whether a state court decision is contrary

10   to federal law, this court must look to the state's last reasoned decision as the basis for its

11   judgment.  *See Avila v. Galaza*, 297 F.3d 911, 918 & n. 6 (9th Cir. 2002).  Thus, this Court

12   must consider whether the Arizona Court of Appeals' January 11, 2000 decision involved

13   an unreasonable application of clearly established federal law or was based on an

14   unreasonable determination of the facts in light of the evidence presented in the State court

15   proceeding.

16       In Ground 1, Petitioner contends that his Sixth Amendment right to a jury trial was

17   violated when 21 members of the jury panel stated that they were victims of abuse or knew

18   someone who was a victim of abuse, and the trial court denied defense counsel's motion to

19   strike the entire jury panel on the grounds that it could not fairly hear the case.  (Doc. No. 1.)

20       In considering Ground 1, the Court of Appeals reasonably applied the appropriate

21   federal law.  The Court of Appeals analyzed Petitioner's 6th Amendment claim in light of

22   *Mach v. Stewart*, 137 F.3d 630 (9th Cir. 1998), *State v. Doerr*, 969 P.2d 1168 (Ariz. 1998)

23   and *State v. Davis*, 672 P.2d 480 (Ariz. App. 1983), all of which cite to the Sixth

24   Amendment's guarantee of a fair trial by a panel of impartial, "indifferent" jurors.  The Court

25   of Appeals, citing *Davis*, correctly noted that the burden is upon Petitioner to show that the

26   jury panel was so infected by the statements made during the voir dire that the jurors could

27   not set aside any impression or opinion and render a verdict based on the evidence presented

28   in court. *Murphy v. Florida*, 421 U.S. 794, 800 (1975).

1    The Court of Appeals' application of federal law to the facts before it was reasonable.
2    The Court of Appeals held that, unlike the *Mach* case, there were no expert-like opinions
3    offered by prospective jurors.  The Court of Appeals noted that the trial court purposely
4    avoided eliciting potentially prejudicial details of jurors' own experiences, invited counsel
5    to inform the court if they felt that any juror should be examined in private regarding possible
6    bias, asked panel members whether they had any residual concerns given the topics discussed
7    during *voir dire*, and properly instructed the jury on the presumption of innocence and burden
8    of proof.  These safeguards are considered appropriate protection of a defendant's 6th
9    Amendment right to an impartial jury. *See United States v. Trujillo*, 146 F.3d 838, 843 (11th
10   Cir. 1998).  The Court of Appeals correctly concluded that Petitioner failed to demonstrate
11   that the jury panel was so infected by the statements made during the *voir dire* that the jurors
12   could not render a verdict based on the evidence presented in court.   Accordingly,
13   Petitioner's claim with respect to Ground 1 is without merit.

**iii.    Ground 2**

15   In Ground 2, Petitioner contends that his 6th Amendment right to compel witnesses to
16   attend was violated when the trial court ruled that Petitioner's reputation for truthfulness was
17   not at issue and therefore Petitioner could not call witnesses prepared to testify to Petitioner's
18   good character and truthfulness.

19   In considering Ground 2, the Court of Appeals reasonably applied the appropriate
20   federal law.  The Court of Appeals considered the claim in light of Rule 404, Ariz. R. Evid.,
21   which is identical to the federal rule regarding admission of character evidence.  The Court
22   of Appeals also reasoned that even if the trial court erred in precluding Petitioner from
23   presenting his character witnesses at trial, the error was harmless because it did not affect the
24   verdict. This application of the harmless error standard was a correct interpretation of federal
25   law.  Under federal law, if an appellate court can state with adequate assurance that the jury
26   was unaffected, or had but a slight effect, the verdict must stand. *See United States v. Bruce*,
27   394 F.3d 1215, 1229 (9th Cir. 2005) (quoting *Kotteakos v. United States*, 328 U.S. 750,
28   764-65 (1946)).

1    The Court of Appeals' application of federal law to the facts before it was reasonable.

2    The Court of Appeals in its Memorandum Decision stated:

3        The three victims testified to hundred of incidents of sexual abuse by Gordon
         over the course of a decade. In almost all instances, only the particular victim
4        and Gordon were present. Moreover, in light of Gordon's admissions in the
         confrontation call, his interstate flight and efforts to avoid capture, and the
5        jury's implicit rejection of the evidence admitted in his defense, we can safely
         conclude that evidence of Gordon's law-abiding reputation would not have
6        affected the verdict.

7    (Petition, Court of Appeals Memorandum Decision at 10.)  This Court agrees that the

8    evidence against Petitioner was so overwhelming that evidence of Petitioner's character for

9    truthfulness would not have affected the jury's verdict.

10       Petitioner also argues in Ground 2 that testimony regarding his character for

11   truthfulness would have been relevant because it would have demonstrated that Petitioner

12   was telling the truth when, in a secretly-recorded telephone call presented by the State, he

13   denied performing oral sex on "E," one of the victims.  E testified at trial, however, that

14   Petitioner never gave him "a blow job." (Petition, Ex. 1, pg. 10.)  Thus, E offered testimony

15   consistent with Petitioner's denials.  Finally, Petitioner was permitted to offer testimony from

16   "non-event" witnesses who testified that they had lived and worked with Petitioner and had

17   not seen him engage in inappropriate conduct with the victims.  Accordingly, Petitioner's

18   claim with respect to Ground 2 is without merit.

19       **iv.    Ground 6**

20       In Ground 6, Petitioner claims that his due process rights were violated because the

21   record does not set forth specific evidence to support a conviction on Counts 9 and 13 of

22   Petitioner's indictment.

23       In considering Ground 6, the Court of Appeals reasonably applied the appropriate

24   federal law.  The Court held that Petitioner's conviction could not be reversed based upon

25   insufficiency of the evidence unless, resolving all conflicts in the evidence against the

26   defendant, there was a complete absence of probative facts to support the conviction.

27   (Petition, Ex. 1, pg. 18.)  This is the federal standard.  *See Jackson v. Virginia*, 443 U.S. 307,

28   318 (1979).

1    The Court of Appeals' application of federal law to the facts before it was reasonable.

2    Petitioner challenged the sufficiency of the evidence related to count 9, which alleged that

3    Petitioner had engaged in sexual conduct with victim "C," a minor under the age of fourteen,

4    between July 1982 and July 4, 1988. (Petition, Ex. 1, pgs. 18-19). Although C testified that

5    he recalled engaging in sexual conduct with Petitioner on a boat on July 4, 1989, C also

6    testified that he believed the incident occurred before he was fifteen. (C was born on May

7    2, 1974). The Court of Appeals reasonably concluded that sufficient evidence existed to

8    sustain the verdict in light of C's testimony.  The jury may have concluded that C was

9    mistaken that the incident occurred on July 4, 1989, but was correct in his recollection that

10   the incident occurred when he was under the age of fifteen. Furthermore, C testified that

11   during the decade preceding his eighteenth birthday, Petitioner touched him sexually

12   hundreds of times each year.

13   Petitioner also challenged the sufficiency of the evidence related to count 13, which

14   accused him of furnishing C with material harmful to minors in the form of a pornographic

15   video entitled "All American Girls in Heat."  Petitioner claims that because the video was

16   not available at trial, the jurors could not determine whether the video was pornographic in

17   nature.  The Court of Appeals rejected this argument, concluding that the jury could

18   reasonably conclude that the video was harmful to minors based on the evidence presented.

19   This Court agrees that sufficient evidence was presented from which the jury could conclude

20   that "All American Girls in Heat" was harmful to minors.  C testified at trial that Petitioner

21   first showed him the video when he was 8 or 9 and that the video was a sexually-graphic

22   video in which a person stranded on a raft is picked up by a yachtful of women and engages

23   in heterosexual sex acts with them. (Ex. DD, pg. 24.)  Accordingly, Petitioner's claim with

24   respect to Ground 6 is without merit.

25   **v.    Ground 8**

26   In Ground 8, Petitioner contends that his due process rights were violated when he

27   was charged and convicted for crimes allegedly committed more than seven years before the

28   indictment.  This argument was presented to the trial court in Petitioner's Rule 32 Petition,

1 and thus the Court looks to the trial court's October 25, 2005 decision as the state's last

2 reasoned decision and the basis for its judgment.   *See Avila*, 297 F.3d at 918 & n. 6.

3       The trial court did not consider Ground 8 as a federal claim.  Instead the trial court

4 stated that "[b]y it's [sic] very terms, A.R.S. § 13-107(B) requires that prosecution

5 commence within the applicable time period after 'actual discovery' by the charging

6 authority or after a reasonably diligent charging authority would have discovered the

7 misconduct.  Defendant is not entitled to relief on this ground." (Petition, Ex. 1, pgs. 25-26.)

8 This holding was not contrary to clearly established federal law, did not involve an

9 unreasonable application of federal law, and was not based on an unreasonable determination

10 of the facts.  The statute of limitations for charges of sexual abuse and child molestation is

11 seven years.  *See* A.R.S. § 13-107.  As the trial court noted, the statute of limitations begins

12 to run once the State discovers, or reasonably could have discovered, the crime.   The first

13 report of sexual abuse by any of the victims occurred in June, 1994.  (Answer, Ex. II, pgs.

14 35-37.)  Petitioner was indicted in 1996.  Thus, no violation of the statute of limitations

15 occurred.  Accordingly, Petitioner's claim with respect to Ground 8 is without merit.

16       **vi.**    **Ground 14(d)**

17       In Ground 14(d), Petitioner contends that his trial counsel was ineffective because trial

18 counsel failed to file a motion for severance.

19       The trial court did not specifically address this ineffective assistance of counsel claim.

20 Instead, the trial court denied each of Petitioner's ineffective assistance of trial counsel

21 claims, concluding that "trial counsel has long held the reputation of leaving no stone

22 unturned in defense of his clients.  Nothing that counsel did or failed to do in this case

23 suggests that he did not live up to his reputation.  Even a cursory review of the record

24 demonstrates that trial counsel's performance was not deficient."  This holding was not

25 contrary to clearly established federal law, did not involve an unreasonable application of

26 federal law, and was not based on an unreasonable determination of the facts.

27       Pursuant to the Sixth Amendment of the United States Constitution, a criminal

28 defendant has a right to "effective assistance of counsel."  *Strickland v. Washington*, 466

1    U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).  The *Strickland* standard for

2    ineffective assistance of counsel has two components.  A defendant must first demonstrate

3    that counsel's performance was deficient, *i.e.*, that counsel made errors so serious that counsel

4    was not functioning as the "counsel" guaranteed a defendant by the Sixth Amendment.  466

5    U.S. at 687.  It requires the defendant to show that counsel's conduct "fell below an objective

6    standard of reasonableness."  466 U.S. at 687-688.  Second, a defendant must show that the

7    mistakes made were "prejudicial to the defense," that is, the mistakes created a "reasonable

8    probability that, but for [the] unprofessional errors, the result of the proceeding would have

9    been different." 466 U.S. at 694.  Counsel's performance is strongly presumed to fall within

10   the ambit of reasonable conduct unless Movant can show otherwise.  *Id.* at 689-90.

11           Petitioner claims that his trial counsel was deficient in failing to move for a severance

12   such that Petitioner would be tried in three separate trials, one for each victim.  Petitioner

13   claims he was prejudiced by being tried for crimes against all three victims when the State

14   admitted into evidence a secretly-recorded telephone conversation in which Petitioner

15   admitted to engaging in sexual conduct with one of the victims.

16           Rule 13.3(a), Ariz. R. Crim. P., provides that offenses maybe joined in an indictment

17   if they are of the same or similar character, are based on the same conduct, or are alleged to

18   have been part of a common scheme or plan. A defendant is entitled as of right to sever

19   offenses joined as "same or similar character" unless evidence of the other offense or

20   offenses would be admissible under applicable rules of evidence if the offenses were tried

21   separately.  *See* Rule 13.4, Ariz. R. Crim. P.  In the present case, the charges against

22   Petitioner were properly joined because, although they involved three different victims, they

23   were all of the same or similar character and were all parts of a common scheme.  The

24   victims were siblings and neighbors of Petitioner, and Petitioner routinely molested them

25   over several years.  Defendant was not prejudiced by the joinder; the telephone conversation

26   would have been cross-admissible in separate trials under the common-law propensity

27   exception to the exclusion of evidence of prior bad acts in cases involving charges of sexual

28   misconduct.  *See State v. Aguilar*, 97 P.3d 865, 868 (Ariz. 2004).  Because the joinder was

1  proper, and because Petitioner was not prejudiced by the joinder, Petitioner's trial counsel
2  was not deficient in failing to move for a severance.  Failure to take futile action can never
3  be deficient performance.  *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996).

4          **vii.    Ground 15(a)**

5          In Ground 15(a), Petitioner contends that his appellate counsel was ineffective for
6  failing to raise on appeal each of the issues presented in Petitioner's Rule 32 Petition.  The
7  Court interprets this argument to mean that if Petitioner's appellate counsel had presented
8  claims 2-9 and 11 in his Rule 32 Petition in his appeal, those claims would not have been
9  deemed precluded by the trial court during post-conviction relief proceedings.

10         In considering Ground 15(a), the trial court reasonably applied the appropriate federal
11 law.  The trial court held that "in order to obtain relief, defendant must show that counsel's
12 performance was deficient and that defendant was prejudiced as a result of the deficient
13 performance."  (Petition, Ex. 1, pg. 26.)  This is the *Strickland* standard.

14         The trial court's application of federal law to the facts before it was reasonable.  The
15 trial court concluded that "effective assistance of appeal requires a thorough review of the
16 record and a 'winnowing out' of claims that are not only unlikely to persuade the appellate
17 court to grant relief but may, in fact, detract from the presentation and cause the appellate
18 court to give less than full consideration to the issues that are most likely to succeed.
19 Appellate counsel in this case raised the issues he felt were most likely to persuade the court
20 of appeals to grant relief.  It was not incumbent upon him to raise all claims that defendant
21 may think he should have raised."  (Petition, Ex. 1, pgs. 26-27.)  The Court concludes that
22 appellate counsel's decision not to include claims 2-9 and 11 from Petitioner's Rule 32
23 Petition in his appeal was reasonable because those claims did not present a strong likelihood
24 of reversal, as detailed below.

25         Rule 32 Claim 2: Petitioner claims that the prosecutor's amendments to the Grand
26 Jury indictment violated Petitioner's 5th, 6th and 14th Amendment rights.  This argument lacks
27 merit because the amendments of the indictments never deprived Petitioner of notice or the
28 ability to defend himself against the charges.  *See Mira v. Marshall*, 806 F.2d 636, 629 (6th

Cir. 1986) ("An indictment which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings.").

Rule 32 Claim 3: Petitioner claims that his federal due process rights were violated when the trial court admitted Petitioner's private telephone conversations into evidence. This argument lacks merit because playing the tape-recorded telephone conversation – in which Petitioner spoke with victim E voluntarily -- did not amount to forcing Petitioner to testify in court or otherwise breach his Fifth Amendment rights. *See Hoffa v. United States*, 385 U.S. 293, 304 (1966).

Rule 32 Claim 4: Petitioner claims that his due process rights were violated when the court instructed the jury that it could consider evidence of other sexual offenses to the extent such offenses showed Petitioner's propensity for sexual misconduct. This argument lacks merit because there is no clearly established legal precedent to support the argument. *See Estelle v. McGuire*, 502 U.S. 62, 75 n.5 (1991) (reserving the question of whether a propensity instruction violates due process); *see also Larson v. Palmateer*, 515 F.3d 1057, 1066 (9th Cir. 2008) (same).

Rule 32 Claim 5: Petitioner claims that his speedy trial rights were violated in his failure to appear case. This argument lacks merit because Petitioner was brought to "trial" (*ie*, Petitioner entered into a plea agreement) on his failure to appear case within three months of non-excluded time.

Rule 32 Claim 6: Petitioner claims that the prosecutor engaged in prosecutorial misconduct. This argument lacks merit because the minor issues presented by Petitioner with respect to this claim do not involve any illegal conduct by the prosecutor and did not affect the fairness of his trial.

Rule 32 Claim 7: Petitioner claims that his due process rights were violated because the jury panel did not represent a fair cross section of the community. Approximately 40% of the jury panel were male; according to Petitioner, Maricopa County is 48% male. This 8%

1  differential does not give rise to a legitimate due process claim.  *See United States v.*

2  *Irurita-Ramirez*, 838 F.Supp. 1385, 1389 (C.D.Cal. 1993).

3      Rule 32 Claim 8: Petitioner claims that his 6th Amendment rights were violated

4  because juror Jane Hancock should have been stricken by the court for cause.  This claim

5  lacks merit because Petitioner has failed to demonstrate that juror Hancock was biased

6  against him.  Although she was molested as a child, she also had a father who was falsely

7  accused of molestation, stressed her ability to remain fair and impartial to both sides,

8  explained that she is required to be objective in her profession as an educator who receives

9  reports of abuse, described herself as "too objective to a fault," and confirmed that she would

10  approach the case with an open mind.  (Answer, Ex. X, pgs. 40-41, 54, 172-73.).

11      Rule 32 Claim 9: Petitioner claims that the trial court violated state law by failing to

12  sever the trial.  For the reasons stated in section (C)(vi), above, this argument is without

13  merit.

14      Rule 32 Claim 11: Petitioner claims that his due process rights were violated because

15  the trial court relied on incorrect dates at sentencing.  This argument is without merit because

16  Petitioner fails to allege how the trial court erred or how any of his sentences would have

17  been different but for the trial court's error.

18      In sum, the numerous arguments that Petitioner believes his appellate counsel should

19  have raised on appeal are without legal merit.  Failure to take futile action can never be

20  deficient performance.  *Rupe*, 93 F.3d at 1445.  Accordingly, Petitioner's appellate counsel

21  was not unreasonable in deciding not to raise these issues on appeal. Petitioner has failed to

22  rebut the strong presumption that his appellate counsel's performance fell within the wide

23  range of professional assistance.  *See Strickland*, 466 U.S. at 689.  Accordingly, Ground

24  15(a) is without merit.

25  //

26  //

27  //

28  //

1    //

2    //

3    //

4    //

5    //

6    //

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CONCLUSION

2       Based on the foregoing, the Magistrate Judge recommends that the District Court enter

3  an order DENYING the Petition for Writ of Habeas Corpus.

4       Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within

5  ten days of being served with a copy of the Report and Recommendation.  If objections are

6  not timely filed, they may be deemed waived. If objections are filed, the parties should use

7  the following case number: **CV-07-2279-PHX-ROS**.

8       The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner

9  and counsel for Respondents.

10      DATED this 24th day of March, 2009.

11

12

13      _____

14          Jennifer C. Guerin
         United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28