IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Bryan Gordon,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>    Respondents. | No. CV-07-02279-PHX-ROS<br><br>**ORDER** |

Pending before the Court is Magistrate Judge Jennifer C. Guerin's Report and Recommendation. (Doc. 27). Judge Guerin recommends the Petition for a Writ of Habeas Corpus be denied. For the reasons discussed below, the Report and Recommendation will be adopted. Pursuant to 28 U.S.C. foll. § 2254, R. 11, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will be denied because the applicant has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

## BACKGROUND

On November 21, 2007, Petitioner filed a Petition for Writ of Habeas Corpus (Doc. 1). Magistrate Judge Guerin identified sixteen grounds for relief set forth in the Petition (including several with subparts):

**Ground 1:** Petitioner's 6th Amendment right to a jury trial was violated when 21 members of the jury panel stated that they were victims of abuse or knew someone who was a victim

of abuse and the trial court denied defense counsel's motion to strike the entire jury panel on the grounds that it could not fairly hear the case;

**Ground 2:** Petitioner's 6th Amendment right to compel witnesses to attend was violated when the trial court ruled that Petitioner's reputation for truthfulness was not at issue and therefore Petitioner could not call witnesses prepared to testify to Petitioner's good character and truthfulness;

**Ground 3:** Petitioner's 6th and 14th Amendment rights were violated when the trial court allowed the jury to receive an instruction related to Petitioner's flight from the state;

**Ground 4:** Petitioner's 6th and 14th Amendment rights were violated when (a) the prosecutor, in her opening statements, told jurors that Petitioner was arrested out-of-state after being featured on "America's Most Wanted," and (b) members of the jury were overheard discussing local radio coverage of Petitioner's trial;

**Ground 5:** Petitioner's due process rights were violated when the trial court admitted into evidence (a) a photo of the victims, and (b) police photographs depicting Petitioner's abundance of body hair and a small abnormality on Petitioner's genitals;

**Ground 6:** Petitioner's due process rights were violated because Counts 9 and 13 of Petitioner's indictment did not set forth specific evidence to support a conviction;

**Ground 7:** Petitioner's due process rights were violated when the trial court sentenced Petitioner as a dangerous offender on counts 2-9, 14, 15, 17 and 18 of the indictment, when those counts were alleged as non-dangerous felonies;

**Ground 8:** Petitioner's federal and state due process rights were violated when he was charged and convicted for crimes allegedly committed more than seven years before the indictment;

**Ground 9:** Petitioner's federal and state due process rights were violated when the indictment was amended twice, once before the jury, over Petitioner's objection;

**Ground 10:** Petitioner's 4th, 5th and 14th Amendment rights were violated when the trial court admitted Petitioner's private telephone conversations into evidence;

**Ground 11:** Petitioner's due process rights were violated when the court instructed the jury that it could consider evidence of other sexual offenses to the extent such offenses showed Petitioner's propensity for sexual misconduct;

**Ground 12:** (a) Petitioner's right to a speedy trial was violated with respect to his failure to appear (CR 98-90662), and (b) Petitioner's guilty plea in CR 98-90662 was not entered into knowingly, intelligently, and voluntarily because he was unaware that his speedy trial deadline had expired;

**Ground 13:** Petitioner's 5th, 6th, 8th and 14th Amendment rights were violated when the prosecutor engaged in prosecutorial misconduct by (a) amending the grand jury indictment twice, (b) telling jurors that Petitioner had been featured on America's Most Wanted, (c) showing the jury a black suitcase with yellow FBI tape around it but not admitting the suitcase into evidence, (d) telling the jury that Petitioner posted and forfeited a $20,000 bond, (e) misstating facts to the jury regarding Petitioner's purchase of a Blazer SUV, (f) belatedly disclosing a State witness's criminal background, (g) admitting Petitioner's private telephone conversations into evidence, (h) misrepresenting dates relevant to Petitioner's speedy trial deadline in his failure to appear case, and (i) engaging in all of the above misconduct, which amounted to cumulative error;

**Ground 14:** Petitioner's 5th, 6th and 14th Amendment rights were violated when (a) the jury panel selected did not represent a fair cross section of the community, (b) the trial court failed to strike jury member Jane Hancock for cause, (c) the trial court failed to sever the trial, (d) the trial counsel failed to move for severance, and (e) the trial court erred in sentencing by not applying the correct dates on which the crimes were committed;

**Ground 15:** (a) Petitioner's 6th Amendment right to effective assistance of counsel was violated because appellate counsel failed to raise on appeal each of the issues presented in Petitioner's Rule 32 Petition; (b) trial counsel admitted to ineffectiveness after the indictment was amended during trial; (c) the trial court failed to conduct an evidentiary hearing regarding the claims of ineffective assistance of counsel raised in Petitioner's Rule 32 Petition;

**Ground 16:** Petitioner's federal due process rights were violated by the preclusion of certain claims by the state court on collateral review.

(Doc. 27).

On March 24, 2009, Magistrate Judge Guerin recommended the petition be denied (Doc. 27). On May 1, 2009, Petitioner filed an objection to Magistrate Judge Guerin's Report and Recommendation, and requested an evidentiary hearing (Docs. 30; 31). Petitioner's objections and request for an evidentiary hearing are considered below.

## STANDARD

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Where any party has filed timely objections to the magistrate judge's report and recommendations, the district court's review of the part objected to is to be *de novo. Id.*; *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, but not otherwise.") (internal quotations and citations omitted).

## DISCUSSION

**I. Need for Evidentiary Hearing**

Petitioner generally objects to the Report and Recommendation on the ground that it was based on state court factual determinations or the Magistrate Judge's factual determinations rather than on an evidentiary hearing. Petitioner claims he is entitled to an evidentiary hearing because the state court made evidentiary findings without holding a hearing or giving Petitioner an opportunity to present evidence. The granting of a hearing is within the discretion of the District Court. *Tilcock v. Budge*, 538 F.3d 1138, 1143 (9th Cir. 2008). A district court abuses its discretion in denying a request for an evidentiary hearing if petitioner "has alleged facts that, if proven, would entitle him to habeas relief, and . . . he did not receive a full and fair opportunity to develop those facts." *Id.* (internal quotation marks and citation omitted). Petitioner does not identify a single factual determination on

1  which Magistrate Judge Guerin wrongly relied, or a single factual dispute which would
2  necessitate an evidentiary hearing. As discussed below, Petitioner has not alleged facts that
3  if proven would entitle him to relief; his claims fail as a matter of law. An evidentiary
4  hearing is therefore not necessary and Petitioner's request for one will be denied.

**II. Grounds 3, 4(b), 12(b), 15(b) and 15(c)**

Judge Guerin recommends grounds 3, 4(b), 12(b), 15(b), and 15(c) of the petition be denied because Petitioner did not exhaust these claims by presenting them in state court in either his direct appeal or his Rule 32 petition. Petitioner objects that he did present each of these claims in state court. Petitioner is partially correct. Petitioner raised ground 3 in his direct appeal to the Arizona State Court of Appeals. (Doc. 1, Ex. F at 23). He also raised ground 15(c) in his appeal of the Arizona Superior Court's denial of his Rule 32 petition in the Arizona State Court of Appeals (Doc. 15, Ex. CCC1 at 2). He did not, however, raise the claims identified by Judge Guerin as grounds 4(b), 12(b), and 15(b) in state court. Judge Guerin's recommendation that these claims be denied will be adopted. Grounds 3 and 15(c) will be considered on the merits.

**(1) Ground 3**

Judge Guerin identified ground 3 as: "Petitioner's 6th and 14th Amendment rights were violated when the trial court allowed the jury to receive an instruction related to Petitioner's flight from the state." This paraphrase of Petitioner's claim is inaccurate. An accurate paraphrase of Ground 3 in the Petition is: Petitioner's 6th and 14th Amendment rights were violated when the trial court told jurors not to consider evidence of the punishment Petitioner might receive to rebut an inference that Petitioner fled because he had a guilty conscience. (Doc. 1 at 7). Petitioner raised this ground in his direct appeal. The claim nevertheless fails on its merits. The Arizona Court of Appeals correctly denied the claim on the correct ground that "a careful review of the record reveals that the trial court never precluded such evidence because none was ever offered." (Doc. 1, Ex. 1, part 1 at 12). Petitioner does not cite any evidence to the contrary from the record.

**(2) Ground 15(c)**

Ground 15(c) is: the trial court failed to conduct an evidentiary hearing regarding the claims of ineffective assistance of counsel raised in Petitioner's Rule 32 Petition. Petitioner does not identify a single factual determination made by the trial court when denying his ineffective assistance of counsel claim. Because Petitioner does not do so, ground 15(c) fails.

**III. Grounds 4(a), 9-11, 12(a), 13, 14(a), 14(b) and 14(e)**

Judge Guerin recommends grounds 4(a), 9-11, 12(a), 13, 14(a), 14(b) and 14(e) be denied because they are procedurally barred on an independent state law ground. Petitioner's only objection is that Respondents waived this defense. Petitioner argues, "In the Respondents' Answer the state relied on 2 mutually exclusive reasons for rejecting each of the above claims, including procedural default (preclusion based on a state law ground) and denial on the merits. Because the state chose to address and argue the claim on the merits they have relinquished the preclusion defense." (Doc. 30 at 5). Procedural default and failure on the merits are not mutually exclusive defenses to Petitioner's claims. Petitioner cites no authority for his position that the State waives procedural defenses when it accompanies them with defenses that reach the merits. Petitioner offers additional argument in support of grounds 9, 10, and 13 on the merits, but does not otherwise respond to Judge Guerin's recommendation that these claims are procedurally barred.

Judge Guerin's conclusion that the claims are procedurally barred is correct. Petitioner presented these grounds in his Rule 32 Petition, but the trial court denied them pursuant to Ariz. R. Crim. P. Rule 32.3(a)(3), which precludes from post-conviction relief claims that could have been raised on appeal. Rule 32.2(a)(3) is an independent state law ground, which bars federal habeas review. *See Stewart v. Smith*, 536 U.S. 856, 860 (2002). Petitioner claims he failed to raise some of these grounds because he relied on the advice of his counsel. Petitioner's attempt to show cause for the procedural default by alleging ineffective assistance of appellate counsel is an independent constitutional claim, which Petitioner raised as ground 15(a) and is considered below and denied on its merits. Since Petitioner has not shown cause for the procedural default or shown a fundamental

miscarriage of justice, Magistrate Judge Guerin's recommendation that grounds 4(a), 9-11, 12(a), 13, 14(a), 14(b) and 14(e) be denied because they are procedurally barred will be adopted.

**IV. Grounds 1, 2, 6, 8, 14(d), 15(a)**

Judge Guerin recommends grounds 1, 2, 6, 8, 14(d), and 15(a) be denied on their merits. Petitioner's only objection is that the Magistrate Judge reached this ruling without an evidentiary hearing, wrongly relying on facts still in dispute. Petitioner does not name any disputed facts upon which the Magistrate Judge relied when denying theses claims, or offer any other explanation for why an evidentiary hearing is necessary to resolve his claims. Judge Guerin's recommendation does not rely on any disputed facts that would necessitate an evidentiary hearing. Judge's Guerin's recommendation that these grounds be denied on their merits will accordingly be adopted.

**V. Grounds 5, 7, 14(c), 16**

Judge Guerin recommends grounds 5, 7, and 14(c) be denied because they were not fairly presented as federal claims in state court, and recommends ground 16 be denied because it states a non-cognizable claim. Petitioner presents no objection. The recommendation that these grounds be denied will therefore be adopted.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 27) is **ADOPTED** and the Petition (Doc. 1) is **DENIED.**

**FURTHER ORDERED** a certificate of appealability **IS DENIED.**

DATED this 30th day of December, 2009.

_____
Roslyn O. Silver
United States District Judge